1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHRISTOPHER PITZ,

          Plaintiff,

    v.

INESSA GONZALEZ,

          Defendant.

Case No. 25-cv-04454-LJC

**ORDER GRANTING MOTION FOR MENTAL EXAMINATION**

Re: Dkt. No. 59

      The Court has reviewed the parties' briefing and evidence regarding Petitioner's Motion to compel Respondent to make the parties' children available for a mental examination by Petitioner's retained expert Dr. Peter Favaro. ECF No. 59. This Order assumes the parties' familiarity with the history of the case, the record, and governing law as stated in the briefs.

      The Court finds "good cause" under Rule 35 of the Federal Rules of Civil Procedure to allow for the examination proposed by Petitioner. Such examinations are not unusual in Hague Convention custody disputes where a party raises a defense based on alleged abuse by the other parent. "[P]sychological evidence can be important both because it can help the court determine whether the alleged abuse occurred and because it can aid the court in assessing the effect any abuse had on the child's psychological health. Courts hearing Convention petitions thus routinely grant requests to order psychological examinations of children and credit testimony of psychological experts." *Colchester v. Lazaro*, 16 F.4th 712, 724 (9th Cir. 2021).

      Here, Respondent has placed the children's mental status at issue by alleging in her Amended Answer, in the context of a defense that the children face a grave risk of exposure to harm if returned to Germany, that the children "suffered . . . verbal and physical abuse," that ADP "was humming and hitting her head" after an outing with Petitioner and has since refused to be

alone with him, and that both children asserted fear of Petitioner.  ECF No. 55 at 17, 20.  As in *Colchester*, Respondent's "allegations that [Petitioner] had abused both [the children] and herself formed the core of her Article 13(b) defense that returning [the children] to live with [Petitioner] in [Germany] would subject [the children] to a grave risk of physical or psychological harm." *Colchester*, 16 F.4th at 723.  Although it is Petitioner rather than Respondent seeking an examination here, the Court finds that Petitioner's interest in a psychological examination to (potentially) *rebut* Respondent's allegations of abuse is no less valid than the respondent's interest in an examination to *support* such allegations in *Colchester*.

A qualified psychologist's examination of the children, and observation of them interacting with Petitioner, has significant potential to inform the Court's determination of "whether certain abusive episodes occurred" (an issue identified as relevant by Respondent, ECF No. 60 at 8), the nature of any such conduct, and its effect on the children.  Such determinations could in turn inform the Court's analysis of the likelihood of harm if the children were to be returned to Petitioner's custody in Germany.

The Court is not persuaded by Respondent's argument that a non-examining expert's testimony regarding "the record of abuse here and the impacts of domestic violence on children generally," ECF No. 60 at 10, is a substitute for an examination of the parties' children, nor by Respondent's conclusory assertion, unsupported by an evidentiary record, that "hundreds of text messages and emails and video and audio recordings that support the allegations" render an examination unnecessary, *id.* at 14.

A court-ordered examination is consistent with the spirit of the state court's Temporary Restraining Order, which allows Petitioner limited, supervised contact with the children.  ECF No. 60-2 at 37.  It is also consistent with the letter of the state court's directive—as stated in an order continuing a hearing—that the Temporary Restraining Order "shall not impact the parties' participation in [this] federal litigation."  ECF No. 62-4 at 4.[1]  The examination therefore need not

---

[1] Because the state court's order specifically allows for the parties' participation in this litigation, the Court need not reach any question of its authority to order an examination that might conflict with a state court's temporary restraining order.

United States District Court
Northern District of California

occur during the Sunday visitation window allowed by the Temporary Restraining Order for regular supervised contact.

Finally, Respondent has not substantiated her assertion that an examination would be unduly burdensome to the children.  Respondent raises no objection to Dr. Favaro's qualifications. The only specific objection that she raises to Dr. Favaro's methods is that Dr. Favaro might ask the children to recount traumatic experiences, ECF No. 60 at 14, but when those traumatic experiences are disputed by the parties and form the basis for Respondent's affirmative defense of grave risk of harm, the Court finds such burden necessary under the circumstances of the case.  To the extent Respondent objects to contact between Petitioner and the children for Dr. Favaro's observation, the Court does not find one session of such contact, supervised by a qualified child psychologist as well as "a visitation monitor or personal security guard," ECF No. 62-5 at 2, to be a sufficient burden to overcome the relevance of the examination when weekly supervised contact between Petitioner and the children is already allowed under the state court's Temporary Restraining Order, ECF No. 60-2 at 37.

The Court therefore ORDERS Respondent to make the children available for examination by Dr. Favaro consistent with Petitioner's proposal.  The parties shall meet and confer as to a time and place for the examination, as well as a deadline for service of Dr. Favaro's report, and file no later than noon on Tuesday, July 22, 2025 either a stipulation or a joint statement of the parties' respective positions.  The Court expects the examination to occur no later than July 28, 2025 unless both parties agree to a later date or compelling reasons prevent the examination from occurring by that deadline.  Respondent's agreement to (or proposal of) a date and time shall not be construed as waiving any objection to this Order or ability to appeal it.

This Order should not be construed as resolving whether any alleged abusive conduct by Petitioner occurred, or any other question of the merits of the parties' positions regarding the underlying Petition.

**IT IS SO ORDERED.**

Dated: July 18, 2025

_____
LISA J. CISNEROS
United States Magistrate Judge

3