UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER PITZ,<br><br>　　Petitioner,<br><br>　v.<br><br>INESSA GONZALEZ,<br><br>　　Respondent. | Case No. 25-cv-04454-LJC<br><br>**ORDER DENYING PETITIONER'S MOTION FOR LEAVE TO FILE REPLY AND RESPONDENT'S MOTION TO STRIKE**<br><br>Re: Dkt. Nos. 70, 71 |

Petitioner seeks leave to file a reply to Respondent's Amended Answer, to rebut statements of fact that Petitioner contends should not have been included there in the first place. ECF No. 70. Respondent opposes such a filing and moves to strike Petitioner's Motion and the attached proposed reply to the Amended Answer. ECF No. 71. The Court finds the matter suitable for resolution without waiting for further briefing and DENIES both Motions.[1]

Rule 7 of the Federal Rules of Civil Procedure, in listing the only pleadings allowed in federal litigation, provides that a party may file "a reply to an answer," but only "if the court orders one." Fed. R. Civ. P. 7(a)(7). Requests for leave to file such pleadings do not come up often. As far as this Court has found, Rule 7(a)(7) has been cited exactly once by any decision from this District that is available on Westlaw, as a passing reference in a decision explaining why Rule 15(a)(1)(B) does not allow for amendment of an answer, "because an answer is not a pleading to which a responsive pleading is required." *J & J Sports Prods., Inc. v. Walia*, No. 10-5136 SC, 2011 WL 1134458, at *2 (N.D. Cal. Mar. 28, 2011). It is telling that a 2022 decision from the Eastern District of California, denying an unopposed motion by a pro se prisoner to file a reply to an answer, needed to look to a 1959 decision by the Southern District of New York for the

---

[1] The parties have consented to the jurisdiction of a magistrate judge for all purposes under 28 U.S.C. § 636(c),

legal standard, which requires "a clear and convincing factual showing of necessity or other extraordinary circumstances of a compelling nature." *Mills v. Jones*, No. 1:21-cv-01193-DAD-HBK, 2022 WL 993066 (E.D. Cal. Apr. 1, 2022) (quoting *Moviecolor, Ltd. v. Eastman Kodak Co.*, 24 F.R.D. 325, 326 (S.D.N.Y. 1959)).

Here, Petitioner argues that a reply is necessary because Respondent's purportedly false allegations of abuse and other misconduct should not be allowed to stand unrebutted. He contends that Respondent's Answer in some ways resembles a counterclaim, to which he would normally be permitted to file his own answer. But Respondent has not filed a true counterclaim, so no such response is required. And Respondent's factual allegations are only that—allegations. "If a responsive pleading is not required, an allegation is considered denied or avoided." Fed. R. Civ. P. 8(b)(6); *see Fed. Deposit Ins. Corp. v. First Nat'l Fin. Co.*, 587 F.2d 1009, 1012 (9th Cir. 1978). Allegations have no evidentiary value in themselves, and the question of whether or not these allegations are rebutted by a reply will have no substantive effect on this litigation. The Court does not find compelling or extraordinary circumstances—or any other practical purpose—to allow this reply.

Petitioner may be correct that the allegations are unnecessary. If so, the usual course would be to bring a motion to strike "redundant, immaterial, impertinent, or scandalous" material from the pleading under Rule 12(f). But most motions to strike are denied. "Rule 12(f) motions are generally disfavored because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice." *Limson v. Bridge Prop. Mgmt. Co.*, 416 F. Supp. 3d 972, 982 (N.D. Cal. 2019) (citation omitted).[2] By that logic, a motion to add yet another pleading should fare no better.

Had Petitioner sought only to register his denials of Respondent's allegations, *perhaps* such a filing might be permitted, if only on the basis that there is no real harm in allowing it, though even then, Petitioner would not have shown any particular need to file it. But Petitioner's

---

[2] Respondent's Motion to Strike, ECF No. 71 at 4 is DENIED. The Court finds denying Petitioner's Motion on its merits sufficient to account for any procedural defects and finds no practical value in further ordering that Motion (or the attached proposed reply) stricken.

1 proposed reply goes well beyond merely admitting or denying Respondent's allegations, instead
2 introducing still more allegations and accusations. *See, e.g.*, ECF No. 70-1 at 5 (accusing
3 Respondent of stealing Petitioner's mother's jewelry, in response to an allegation by Respondent
4 that has little if anything to do with that topic). If the Court allows this reply, should Respondent
5 also be allowed a surreply, or some other form of response? To the extent such issues remain in
6 dispute, both parties will have the opportunity to present their positions through testimony and
7 evidence at trial. And to the extent any issues do *not* remain in dispute—the Court notes
8 Respondent's withdrawal of her affirmative defense of a grave risk of harm—there is little reason
9 to continue litigating them on this Court's docket.

10       The Court's summary decision on these Motions, which focuses on the procedure for
11 pleadings, should not be construed as downplaying the seriousness of the allegations and issues in
12 this case, or as suggesting any view on the accuracy of either party's assertions. Presuming
13 (without making any finding on the subject) both parties' good faith, the Court understands both
14 parties' desire to tell their side of the story, including Petitioner's desire to clear his name. But the
15 parties and attorneys have enough on their hands without fighting over who gets the last word in
16 pleadings that have no practical effect on the litigation, and further briefing on this issue would
17 serve no useful purpose. Petitioner's Motion, and Respondent's Motion to strike it, are therefore
18 both DENIED.
19       No further briefing on this issue is necessary or will be considered.
20       **IT IS SO ORDERED.**

Dated: July 28, 2025

_____
LISA J. CISNEROS
United States Magistrate Judge

3