UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER PITZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>INESSA GONZALEZ,<br><br>　　　　Defendant. | Case No. 25-cv-04454-LJC<br><br>**ORDER REGARDING DISCOVERY LETTER BRIEF**<br><br>Re: Dkt. No. 86 |

The Court has reviewed the parties' August 6, 2025 Joint Discovery Letter regarding Respondent's discovery responses. In the interest of timely resolution of these issues under the expedited case schedule for this Hague Convention custody dispute, this Order assumes the parties' familiarity with the case, the record, and the applicable law.

The parties' disputes suggest an overarching failure by both sides to meet and confer in good faith and attempt to reach reasonable compromises. If lead counsel were not based on opposite coasts, and mediation and trial were not rapidly approaching, the Court would require counsel to meet and confer in person (perhaps at the courthouse) before entertaining these issues. Under the circumstances of this case, the Court declines to do so, but further failures to cooperate in discovery may require such measures.

Respondent is ORDERED to provide further responses and documents as discussed below no later than noon on Sunday, August 10, 2025, except where a different deadline is specified.

**A.     Interrogatory Nos. 4 and 5**

These are contention interrogatories seeking Respondent's grounds for disputing Petitioner's rights of custody under German law (Interrogatory No. 4) and supporting Respondent's view that her removal of the children from Germany did not breach Petitioner's

rights of custody (Interrogatory No. 5).[1] Petitioner objects to these interrogatories as "premature" contention interrogatories. But fact discovery closes in two days. It is not too soon for contention interrogatories.

Respondent asserts that she "offered to stipulate that she would not assert that on March 24, 2025, Petitioner was not exercising custody rights." ECF No. 86 at 5. Petitioner contends that is a distinct issue from whether he *had* custody rights under German law, or whether Respondent's removal of the children *violated* those rights. *Id.* at 3. If Respondent stipulates that Petitioner had such rights under German law and that Respondent's removal of the children violated those rights, Respondent need not answer these interrogatories. If not, she must answer.

Petitioner also objects to Respondent seeking "each and every fact" in support of her denial or contention. The Court agrees that such a request, taken literally, is unduly burdensome and disproportionate to the needs of the case. "Contention interrogatories should not require a party to provide the equivalent of a narrative account of its case, including every evidentiary fact, details of testimony of supporting witnesses, and the contents of supporting documents. Interrogatories may ask for the material or principal facts that support a party's contentions . . . ." *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D.N.M. 2007) (citations omitted).

If Respondent is aware of facts to support these issues, she must respond with the material facts sufficient to put Petitioner on notice of the grounds for her contentions. If Respondent's only theory that Petitioner lacked custodial rights under German law is that the children's habitual residence was not Germany,[2] Petitioner may state that in response without any need to provide additional facts. Petitioner may supplement her responses if she later becomes aware of additional responsive theories or facts, including through expert discovery.

**B.    Interrogatory No. 6**

Interrogatory No. 6 asks Respondent to identify mental health professionals, social

---

[1] The parties also discuss the issue of whether Petitioner was *exercising* rights
[2] Petitioner has not specifically asserted this (or any other) theory, and the Court's consideration of the possibility that she might do so should not be construed as implying a legal conclusion one way or the other as to whether a lack of habitual residence negates the possibility of custodial rights under German law.

2

1  workers, and certain other categories of professionals who have "evaluated, examined, treated
2  and/or met with either or both children from February 1, 2020 through the present, and the dates
3  and locations of any such [interactions]." ECF No. 86-1 at 4.  Respondent argues that this is a
4  contention interrogatory.  ECF No. 86 at 5.  It is not.  Respondent also argues that she is no longer
5  asserting an affirmative defense of grave risk of harm.  As the Court previously noted, however,
6  Respondent reserved her right to seek protective or ameliorative measures, for which the
7  children's mental health and wellbeing may be relevant.

Respondent asserts that Petitioner never sought her deposition.  Failure to depose an opposing party is an unusual choice, but Respondent cites no authority suggesting that it precludes the non-deposing party from pursuing discovery through other means.

Respondent offers no other argument in the Joint Letter for why she should not be required to answer this question.  Taking into account the *somewhat* reduced relevance of the issue in light of Respondent's withdrawal of her affirmative defense, the Court will limit the time period to January 1, 2022 to the present.  Respondent may also answer in general terms when describing the location of visits (e.g., "Dr. X's office in Berlin," rather than a specific address) and the dates of repeated interactions (e.g., "approximately monthly from January 2022 through February 2023," rather than listing every date).  With those caveats, Respondent must answer Interrogatory No. 6 to the best of her ability.

### C.     Interrogatory No. 7

This interrogatory asks Respondent to "[i]dentify each and every instance during [her] relationship with Petitioner" in which she contends Petitioner coerced or abused her or the children. ECF No. 86-1 at 4–5.  The Court's analysis of contention interrogatories above applies equally here.  The somewhat reduced relevance of risk of harm to the children, in light of Respondent's withdrawal of her affirmative defense, also comes into play.  Taking into account those considerations, Respondent is ORDERED to respond with all specific instances of coercion or abuse that she intends to invoke at trial,[3] as well as a general description of the sort of coercion

---

[3] This limitation would apply equally to any post-trial evidentiary submission, should such a submission be invited by the Court—for example, if the Court were persuaded to bifurcate the

United States District Court
Northern District of California

1  and abuse that she alleges.

2  If *Petitioner*'s counsel specifically solicits *other* instances of purported coercion or abuse
3  (beyond what Petitioner includes in her response) during examination of Respondent at trial,[4]
4  Respondent shall not be precluded from identifying other instances in response to such questions.

5  Respondent has already provided a response to this Interrogatory. ECF No. 86-1 at 5–11.
6  Respondent may rest on that response if it satisfies the Court's ruling above, or may serve an
7  amended response by the deadline stated above if she wishes to add any further factual
8  contentions.

### D. Request for Production No. 4

This request seeks documents related to Respondents expert witnesses. Respondent asserts that she has already produced "[a]ll documents that [her] experts have relied on in preparing their reports." ECF No. 86 at 6. Petitioner seeks, "amongst other things, (i) all documents provided to and/or reviewed by the expert; (ii) invoices, engagement agreements and/or other timekeeping documents generated by each expert in connection with this litigation; (iii) each publication or paper written or worked on by each witness; and (iv) each transcript for any court proceeding in which that expert witness testified." ECF No. 86 at 4.

For category (i), Respondent must produce all documents that she or her counsel provided to her experts. Petitioner may question the experts about other documents they reviewed. Respondent shall cooperate in any reasonable request to produce specific documents after (or, if feasible, during) the expert depositions.

For category (ii), Respondent asserts that her experts have no billing or timekeeping records because they are working pro bono. Respondent must produce any engagement agreements for her experts but need not produce other documents in this category.

For categories (iii) and (iv), Respondent's experts must identify any relevant publications or court proceedings if they have not already. Respondent need not produce copies of all such

---

issue of protective measures to be addressed after trial. The Court does not currently anticipate such bifurcation or any other opportunity to submit evidence after trial.
[4] E.g.: "You've talked about X, Y, and Z. Do you claim that Petitioner ever abused you besides those three instances?"

publications and transcripts, but must cooperate in requests for *specific* such documents if Petitioner is not able to obtain them via readily accessible public records.

Respondent shall produce documents as required above for categories (i) and (ii) and information as required for category (iii) and (iv) no later than noon the day before an expert's deposition where feasible, and in any event no later than the deadline stated above for all other responses.

### E.  Request for Production No. 5

This request seeks communications by Respondent that are relevant to the issues in dispute. Petitioner suspects that Respondent has withheld or deleted relevant communications. Respondent contends she has not.

As a general matter, Respondent need not produce documents that do not exist, and may rest on a declaration that her production is complete—if she has conducted a diligent search. The Court is concerned, however, that she has not. Respondent asserts that she is unwilling to turn on her electronic devices because she is afraid that Petitioner is trying to track her or access her data:

> Further, Respondent is unable to log in to her account to even pull messages at this point. Respondent's cell phones during the relevant time period were, upon information and belief, controlled, paid for, and accessible to Petitioner. These devices were paid for via Petitioner's Florida-registered entity 1UP Logistics LLC. . . . Respondent is unable to log into the relevant Telegram account to search for anything further given her credible fear that Petitioner has access and will use the phone to track her. When Respondent attempted to log in to retrieve these messages she received an alarming notification that someone was actively attempting to install a remote e-sim card, which could be used to track her location or gain access to other information on her device, among other things. Given her fear regarding what was happening, and Petitioner's access to the very same conversations he is asking her to produce, Respondent turned the devices off and has not turned them back on.

ECF No. 86 at 6.

Respondent cannot avoid searching her personal electronic devices for responsive communications based on the mere assertion of fear that Petitioner is seeking or might seek improper access to them. In an abundance of caution, Petitioner is ORDERED to refrain from seeking any sort of remote access to or location tracking of electronic devices in Respondent's possession.

1  Respondent is ORDERED to conduct a diligent search of her electronic devices and
2  produce any responsive records (that have not already been produced) by the deadline stated
3  above, except that if Respondent is unwilling to turn on her devices herself, she may engage a
4  forensic specialist to search the devices on her behalf and produce documents no later than August
5  18, 2025.  That engagement will be at Respondent's expense, unless Respondent files a motion
6  with supporting evidence demonstrating that Petitioner sought covert access to her devices, in
7  which case the Court would shift such costs to Petitioner and consider other sanctions.  Such a
8  motion may be filed no later than seven days after the conclusion of testimony at trial.

**IT IS SO ORDERED.**

Dated: August 6, 2025

LISA J. CISNEROS
United States Magistrate Judge